## LANE v. RANEY.

(Filed November 25, 1902.)

1. INSURANCE—*Agency—Notice—Commissions.*

Where one of two local agents claims half the commission on an insurance policy, the general agent is not liable for such claim if he had paid the commission to the one forwarding the application without knowledge of the claim.

2. INSURANCE—*Agency—Notice—Commissions.*

A local insurance agent is not bound by a rule of the general agent as to payment of joint commissions, of which rule he had no knowledge.

3. INSURANCE—*Commissions—Evidence.*

The evidence in this case shows that the trial judge erred in calculating the commissions due a local agent on an insurance policy.

ACTION by S. H. Lane against R. B. Raney, heard by Judge *F. D. Winston* and a jury, at February Term, 1902, of the Superior Court of CRAVEN County. From a judgment for the plaintiff, the defendant appealed.

*W. D. McIver,* for the plaintiff.
*Battle & Mordecai,* for the defendant.

DOUGLAS, J. This is an action brought to recover commissions alleged to be due for obtaining a certain policy of insurance. There appears but little contradiction in the testimony. The defendant, as State agent of the insurance

company, employed the plaintiff as a local agent to solicit applications in the county of Craven, "subject to existing agencies and such others as may be established therein." This contract does not pretend to give the plaintiff the exclusive right to solicit business in Craven County, and therefore we see no reason why the defendant could not send Martin or any other agent to solicit applications in the same territory, either in conjunction with or independently of the plaintiff. If the application for insurance had been sent on by the plaintiff or he had had exclusive control of said territory, it would have been the duty of the defendant to have settled with him for the commissions. But there was no such exclusive control, and the application was witnessed and forwarded by Martin, without any notice to Raney, direct or indirect, that Lane had any connection with the application, nor was there anything to put Raney upon notice. To all appearances the application was Martin's alone, and if Raney in good faith paid the full commissions to Martin, without any notice of Lane's claim, he fulfilled his obligations. We do not mean to say that such notice must have accompanied the application, but it must have been given actually or constructively before the commissions were paid to Martin. The trouble is, we can find no evidence in the record that Raney has ever paid the commissions to any one. The case seems to have been tried upon the theory that he had paid them to Martin, or allowed them on settlement, before he had any notice of Lane's claim; but no one has so testified as far as appears from the record.

The defendant asked the following instruction exclusive of the words in parenthesis, which were added by the Court, to-wit: "If the jury should believe that Raney made full settlement of the commissions on the Guion policy with Martin before Lane notified Raney that he was claiming any part of the commissions of same, or made any demand therefor (and

the rule was in existence, and Lane knew of the rule, or ought to have known of it from his business dealings), that the plaintiff would not be entitled to recover." This prayer might have been refused on the ground that there was no evidence to sustain it, but as given there was error. Under the circumstances of this case, Raney was entitled to notice irrespective of any private rule he may have made, and therefore his liability should not have been made to depend upon Lane's knowledge of a rule that was immaterial. If there had been any evidence of payment to Martin, then the instruction should have been substantially given as requested by the defendant.

There are other exceptions by the defendant as to the effect of the defendant's private rules, which have no merit whatever, as the following, for instance: "The Judge erred, first, in charging that Lane must have knowledge of the rule, to be bound by it. He should have charged, if Raney had such rule, then Lane can not recover." In this respect his Honor's charge was entirely proper.

The last exception, we think, must be sustained upon the testimony in this case. It is thus stated in the record: "The Judge erred also in the charge when he states if Guion took out the policy and paid the company $175, then Lane can recover $43.75, unless, etc. The error is in charging the amount that Lane is entitled to recover, if anything. According to the contract Lane could not be entitled to more than fifty per cent of the first premium. From the evidence, Guion had made application for a 20-payment life, whose annual premium was $175. The company issued a 20-year endowment, whose annual premium was $253.80. The agent must settle with the company by paying 50 per cent of the first annual premium to the company for the policy. This policy, from the evidence, could not be delivered to Guion, except upon the reduction of the first annual premium

from $253.80 to $175.  The agent's settlement with the company must have been by paying over to the company $126.90 upon the endowment policy, which being deducted from the $175, money actually received, would leave commissions of $48.10, of which, according to plaintiff's contention, he would not have been entitled to but one-half of this, to-wit, $24.05."

If the evidence of Raney and Martin is to be believed, the commissions on Guion's policy were only $48.10, only half of which would belong to the plaintiff, if he were entitled to recover at all.

New Trial.